<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTHONY M. BENNETT | No. 22cr523 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN**, **District Judge.**

Defendant Anthony Bennett is currently serving a 70-month sentence in USP Big Sandy in Kentucky for possession of a firearm and ammunition by a felon. *See* D.E. 36. Defendant has a projected release date of February 25, 2027.

Defendant moves, pro se, for a sentence reduction as a result of Amendment 821 of the United States Sentencing Guidelines ("Amendment 821"), deemed retroactive as of February 1, 2024. *See* D.E. 37 ("Mot."). Specifically, Defendant argues that two criminal history Status Points should be retroactively removed, resulting in a lower sentence. *Id.* The Government opposes. D.E. 39. Defendant did not reply. For the reasons below, the Court will **DENY** the motion.

Defendant argues that he was assigned a Criminal History Category of III and 24 "Base Offense Points" because he committed the subject offense while serving a sentence, probation, or parole. *See* Mot. at 1. The basis for this argument is unclear, and refuted by the Pre-Sentence Report. *See* D.E. 26 ("PSR") at 9-10.

Defendant appears to be referencing two items in Amendment 821 relevant to the Status Points issue. The first, Part A, amended the Sentencing Guidelines to add Status Points only to offenders with more serious criminal history guidelines. The amendment accomplished this in several ways.

First, it removed a requirement to add two Status Points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Likewise, the amendment decreases "Status Points . . . by one point for individuals with seven or more criminal history points and eliminat[es] Status Points for those with six or less criminal history points." *See* United States Sentencing Commission, *2023 Amendments in Brief*, https://perma.cc/J72V-H88G. In other words, the Guidelines now add only one point if the defendant: "(1) receives 7 or more points under subsections (a) through (d), *and* (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d) (emphasis added).

However, Plaintiff received five criminal history points, which establishes a criminal history category of III. That number is based on a 2012 sentence for simple assault (2 points) and a 2013 sentence for aggravated assault with a firearm (3 points). *Id.* at 11.[1] Defendant did not receive any additional Status Points, and certainly none for committing the instant offense while under any criminal justice sentence, *e.g.*, probation, parole, supervised release, or imprisonment.

The second portion of the relevant Guidelines amendment, Part B, creates a new guideline that provides a *decrease* of two offense levels for "Zero-Point Offenders" with no criminal history points whose offense did not involve specific aggravating factors. However, Defendant *did* have criminal history points—five, as noted above—and also "possess[ed], receive[d], transport[ed], transfer[ed], s[old], or otherwise dispose[d] of a firearm or other dangerous weapon . . . in

---

[1] Defendant's Base Offense Level, which he does not appear to challenge, was 20 because the aggravated assault with a firearm conviction is a crime of violence. *See* PSR at 9 (citing USSG §2K2.1(a)(4)(A)). Because Defendant possessed ammunition in connection with another felony offense, specifically aggravated assault, the Base Offense Level was increased by four levels. *See* PSR at 9 (citing USSG §2K2.1(b)(6)(B)).

2

connection with the offense." U.S.S.G. §4C1.1(a)(1), (7).  Thus, he is ineligible for any offense level decrease.

Accordingly, it is

**ORDERED** that Defendant's motion for a sentence reduction, D.E. 37, is **DENIED**; and it is finally

**ORDERED** that the Clerk of Court shall mail a copy of this Order to Defendant.

June 12, 2024

_____
Evelyn Padin, U.S.D.J.